UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
                                    )
MICHELE FAITH et al.,               )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    Case No: 19-cv-11301-DJC
                                    )
                                    )
TRUMAN CAPITAL ADVISORS, LP,        )
                                    )
            Defendant.              )
                                    )
                                    )
_____ )


_____
                                    )
                                    )
MICHELE FAITH et al.,               )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    Case No: 19-cv-11477-DJC
                                    )
                                    )
BANK OF AMERICA, N.A., et al.,      )
                                    )
            Defendants.             )
                                    )
                                    )
_____ )

**MEMORANDUM AND ORDER**

**CASPER, J.**                                         **January 16, 2020**

1

## I. Introduction

Plaintiffs Michele Faith, Michael Faith, Jacqueline Faith and Peter Faith (collectively, the "Faiths") have filed the two instant lawsuits against Defendants Truman Capital Advisors, LP ("Truman"), Bank of America, N.A. ("BoA"), U.S. Bank National Association as Legal Title, for Truman 2016 SC6 Title Trust ("USBNA, Trustee"), U.S. Bank National Association ("USBNA"), Ocwen Loan Servicing, L.L.C. ("Ocwen"), Fay Servicing, L.L.C. ("Fay"), Silva Realty Group, Inc. ("Silva") and the City of New Bedford, Massachusetts ("New Bedford" or the "City") (collectively, "Defendants"). The first lawsuit, docket number 1-19-cv-11301-DJC, is brought by Michele and Michael Faith against a single defendant, Truman. The second lawsuit, docket number 1-19-cv-11477-DJC, is brought by all the Faiths against BoA, USBNA, Trustee, USBNA, Ocwen, Fay, Silva and New Bedford.[1] Both lawsuits concern the same core factual allegations.

Currently before the Court are Truman's motions to dismiss, Truman, D. 7, and the motions to dismiss filed by multiple defendants in the other case: BoA, Multidefendant, D. 19, Fay, Multidefendant, D. 20, Ocwen, Multidefendant, D. 24, and New Bedford, Multidefendant, D. 28, along with a motion to consolidate the two instant cases and a third case, docket number 1-19-cv-11577-DJC, Multidefendant, D. 15. For the reasons stated below, the Court DENIES the motion to consolidate and DENIES the motions to dismiss without prejudice.

## II. Standard of Review

It appears to remain an open question within the First Circuit as to whether a dismissal motion relating to an ongoing state proceeding is properly viewed as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction or a Rule 12(b)(6) motion to dismiss for failure to

---

[1] Cites to the docket entries in the two cases are as "Truman, D. __" or "Multidefendant, D. __".

state a claim. Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n.6 (1st Cir. 2012). On a motion to dismiss under Rule 12(b)(1), the Court may weigh evidence and make its own factual determinations, unlike on a Rule 12(b)(6) motion. Id. The difference, however, is immaterial when the Court accepts the allegations made by the Faiths in the complaints as true, pursuant to Rule 12(b)(6), see Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (internal citation omitted), as the Court does here. See Mass. Delivery Ass'n, 671 F.3d at 40 n.6.

### III. Factual Allegations

Both cases, along with the now-remanded third case, involve the same key allegations. The Faiths are Massachusetts residents and have resided at 114 Hawthorn Street, New Bedford, Massachusetts (the "Property"). Multidefendant, D. 1 at ¶ 8. Truman is a New York corporation that serves as an agent of USBNA. Truman, D. 1 at ¶¶ 6, 8. USBNA is a bank with its principal place of business in Ohio. Multidefendant, D. 1 at ¶ 4. USBNA, Trustee is an investment trust with its principal place of business in Ohio. Id. at ¶ 5. BoA is a multinational investment bank and financial services company organized and existing under North Carolina law. Id. at ¶ 1. Ocwen is a wholly owned subsidiary of Ocwen Financial Corporation located in Florida. Id. at ¶ 2. Fay is a debt management and mortgage lender incorporated in Delaware and headquartered in Illinois. Id. at ¶ 3. Silva is a real estate business located in Massachusetts. Id. at ¶ 6. New Bedford is a municipality in Massachusetts. Id. at ¶ 7.

The Faiths allege that Michele Faith holds legal title to the Property. Id. at ¶ 24. Michele Faith had a mortgage on the Property with Countrywide Bank, a division of Treasury Bank, N.A. Id. at ¶ 21. The Faiths allege that none of the Defendants ever held the mortgage through assignment from Countrywide Bank or any other entity. Id. at ¶ 27, Truman, D. 1 at ¶ 1.

3

While most of the specific facts associated with the Faiths' claims are not relevant for purposes of this order, all claims stem from the attempted allegedly improper foreclosure of the Property in May 2018 and eviction of the Faiths by USBNA, Trustee and its agent, Truman, with the participation or involvement of the remaining Defendants either during the mortgage assignment process or during the foreclosure itself. Multidefendant, D. 1 at ¶¶ 11-36.

## IV. Procedural History

On November 2, 2018, USBNA filed an eviction notice against the Faiths in Housing Court. Truman, D. 8 at 6. Following discovery and several rulings on motions by the state court, the Faiths removed the eviction action to federal court, where it became docket number 1:19-cv-11577-DJC. On September 6, 2019, this Court remanded the eviction case to state court for untimely filing of the notice of removal. 1:19-cv-11577-DJC, D. 18, 20.

On June 12, 2019, Michaele and Michael Faith filed suit in this Court against Truman. Truman, D. 1. On July 8, 2019, the Faiths filed suit in this Court against BoA, USBNA, Trustee, USBNA, Ocwen, Fay, Silva and New Bedford in a separate action. Multidefendant, D. 1. All defendants in both actions, with the exception of Silva, have now moved to dismiss. Truman, D. 7, Multidefendant, D. 19, 20, 24, 28. The Faiths have also moved to consolidate the three related cases. Multidefendant, D. 15. The Court heard the parties on the pending motions to dismiss and took them under advisement. Truman, D. 14, Multidefendant, D. 46.

## V. Discussion

Defendants' various motions to dismiss fall into three categories: 1) motions to dismiss pursuant to first-filed or prior-pending-action doctrine, this includes Truman's motion to dismiss, Truman, D. 8, and USBNA, Trustee, USBNA and Fay's motion, Multidefendant, D. 21; 2) a motion to dismiss pursuant to the doctrine of *res judicata*, Ocwen's motion, Multidefendant, D.

4

25; and 3) motions to dismiss for failure to state a claim, this includes BoA's motion, Multidefendant, D. 19, Ocwen's motion, Multidefendant, D. 25, and New Bedford's motion, Multidefendant, D. 28.[2]

A. **Motion to Consolidate**

The Faiths have moved to consolidate three cases, docket number 1:19-cv-11301-DJC; docket number 1:19-cv-11477-DJC; and docket number 1:19-cv-11577-DJC. D. 16 at 2. One of the cases, docket number 1:19-cv-11577, as previously noted, was remanded to state court and terminated as a federal case. The Court, therefore, DENIES Faiths' motion to consolidate as moot. See, e.g., U.S. Bank, NA for Certificateholders of Banc of Am. Funding Corp. Mortg. Pass-Through Certificates Series 2006-H v. Lucore, No. 18-CV-286 JLS (MDD), 2018 WL 2214046, at *3 (S.D. Cal. May 14, 2018).

B. **Impact of Ongoing State Court Litigation**

　　1.　*Motion to Dismiss on Res Judicata Grounds*

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "Federal courts must give preclusive effect to state court judgments in accordance with state law." SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir.2008) (internal quotation marks and citation omitted).

Under Massachusetts law, *res judicata* includes both claim preclusion and issue preclusion. Heacock v. Heacock, 402 Mass. 21, 23 n. 2 (1988). "Claim preclusion makes a valid, final

---

[2] Ocwen and USBNA, Trustee, USBNA and Fay have moved for leave to file a reply in support of their motions to dismiss, Multidefendant, D. 42, 36, respectively, and the Faiths have opposed Ocwen's motion for leave, Multidefendant, D. 45. The Court ALLOWS the motions for leave to file and has considered the reply briefs for the purposes of this Order.

5

judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Kobrin v. Board of Registration in Medicine, 444 Mass. 837, 843 (2005) (quoting O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998) (further citation omitted)). To invoke claim preclusion, there must be: "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause[s] of action; and (3) prior final judgment on the merits." Kobrin, 444 Mass. at 843 (quoting DaLuz v. Dep't of Corr., 434 Mass. 40, 45 (2001)); McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006). When assessing the second element of claim preclusion, Massachusetts courts find causes of action to be "identical if they 'derive [ ] from the same transaction or series of connected transactions.'" McDonough, 452 F.3d at 16 (quoting TLT Const. Corp. v. A. Anthony Tappe & Assocs., 48 Mass.App.Ct. 1, 8 (1999)). Although the claims here certainly arise out of the same transaction and there is certainly overlap between the parties in the prior action and the pending actions here, the Court declines dismissal on *res judicata* grounds at this juncture because, based on the present record, there has not been a final judgment on the merits in the prior, pending actions.

2. *Motions to Dismiss or Stay Pursuant to Colorado River Doctrine*

Federal courts have an "unflagging obligation" to exercise their jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "Abstention from the exercise of federal jurisdiction is the narrow exception, not the rule." Id. at 813, 96. "However, in limited circumstances and as a matter of discretion, a court may dismiss, stay, or transfer an action over which it has jurisdiction." Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 540 (D. Mass. 2014).

"In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal

forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 818–19 (internal citations omitted).

       3.  *Motions to Dismiss or Stay Pursuant to Prior-Pending-Action Doctrine*

Under the prior-pending-action doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." O'Reilly v. Curtis Pub. Co., 31 F. Supp. 364, 364-65 (D. Mass. 1940). The first-filed suit should generally have priority "absent the showing of balance of convenience in favor of the second action." Adam v. Jacobs, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). The doctrine addresses concerns about judicial efficiency and seeks to avoid inconsistent judgments. Curcio v. Hartford Fin. Servs. Grp., 472 F. Supp. 2d 239, 243 (D. Conn. 2007).

"Generally, a court may stay or dismiss a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action. The parties in the two suits need not be identical; they need only share sufficient congruence of interests. Bradeen v. Bank of New York Mellon Tr. Co., Nat'l Ass'n, No. 18-cv-11753-FDS, 2018 WL 5792319, at *1–2 (D. Mass. Nov. 2, 2018) (internal citations omitted). Further, "[w]hen it is possible that, through amendment, each action may contain all of the issues and parties presently

contained in either action, the continuation of the first action to be filed is favored." Holliday v. City of Newington, 2004 WL 717160, at *1 (D. Conn. Mar. 19, 2004) (citing Hammett v. Warner Bros. Pictures, 176 F.2d 145, 150 (2d Cir. 1949)). Defendants Truman, USBNA, Trustee, USBNA, and Fay raise the first-filed or prior-pending-action doctrine argument to urge dismissal or a stay of the present action.

*4. Analysis of Colorado River and Prior-Pending-Action Doctrines*

The Court, weighing the factors relevant to both the Colorado River abstention and the prior-pending-action doctrines, finds that staying the two federal court proceedings is the most prudent course of action. Courts have an "inherent power . . . to regulate actions pending before" them, including "motions to stay and motions to dismiss because another action is pending." CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1360 (3d ed. & Supp. 2010). Although not all defendants have invoked the prior-pending-action doctrine, the Court's inherent power to regulate its own dockets allows for the imposition of a stay as to all parties. See, e.g., Cassell v. Osborn, 23 F.3d 394 (1st Cir. 1994) (noting that a court "may choose, *sua sponte*, to order a stay until the state proceedings are terminated" in the case of parallel proceedings). The facts presented here closely mirror those in Bradeen, a recent case in this district. Bradeen, 2018 WL 5792319, at *1. There, as here, the alleged holder of a mortgage by way of a chain of assignment from the original mortgagor sought to foreclose on a property through a summary process eviction action in state court. Id. Prior to the resolution of the state case, the individuals facing foreclosure filed an action in federal court asserting both state and federal claims. Id. The court in Bradeen held that although the parties in the two suits were not identical, the congruence of interests between the parties in the state and federal proceedings was sufficient because the distinct parties were "predecessors-in-interest" to the mortgage holder or "purported

8

related companies" and thus the interests were "entirely congruent." Id. at *2. The Faiths' claims here and in the state court proceeding all seek damages and/or declaratory relief related to their underlying allegations concerning the Property's title against entities that are or were at one time connected to the holding of a mortgage on the Property or with foreclosure and eviction proceedings. Even the claims against New Bedford, itself not a part of any mortgage ownership chain, are reliant on the validity of the foreclosure and eviction proceedings in that the Faiths seek to assert violations of constitutional rights, pursuant to 42 U.S.C. § 1983, for alleged entry into the Property as part of an alleged scheme to foreclose improperly on the Property. Accordingly, "[t]he state and federal complaints arise out of the same transactions, the parties seek essentially the same relief in each suit, and resolution of the two cases will involve the same evidence." Id. "Any causes of action in the federal complaint[s] that are not directly related to the foreclosure and eviction nonetheless clearly arise out of the validity of the underlying foreclosure." Id. The Faiths, therefore, "are not entitled to split their claims between state and federal court, and the prior-pending-action doctrine applies to this duplicative, later-filed proceeding." Id.

The Colorado River abstention doctrine, also analyzed in Bradeen, counsels the same result. The federal and state actions are "parallel in form and substance," with all raising the "issues of the validity of the . . . foreclosure under Massachusetts law, rightful possession of the [Property]" and related claims. Id. at *4. There is a high probability that "the state litigation will dispose of all claims presented in the federal case[s]." Id. (internal citation omitted). The overlap between the actions creates a "clear risk of inconsistent dispositions" between the cases. Id. at *5. "Put simply, plaintiffs here contend that the foreclosure was improper, and they are entitled to possession of the [Property]," which is what the state court action, filed earlier in time and further along in the litigation process, will decide. Id.

9

Having found that both the prior-pending-action and <u>Colorado River</u> doctrines counsel in favor of abstention, the Court still must decide whether a stay or dismissal is more appropriate. Because the state court proceeding is still pending, unlike in <u>Bradeen</u> where the state court proceeding had ended and proceeded to appeal, <u>id.</u>, the Court concludes that a stay, not dismissal, is appropriate at this time.

### C. Motions to Dismiss for Failure to State a Claim

The Court stays both federal proceedings pending resolution of the state court eviction action in Housing Court. Accordingly, the Court denies the pending motions to dismiss, Truman, D. 7, Multidefendant, D. 19, Multidefendant, D. 20, Multidefendant, D. 24, Multidefendant, D. 28, without prejudice to renew after the stay is lifted.[3]

## VI. Conclusion

For the foregoing reasons, the Court DENIES the motion to consolidate, Multidefendant, D. 15, and DENIES the pending motions to dismiss Truman, D. 7, Multidefendant, D. 19, Multidefendant, D. 20, Multidefendant, D. 24, Multidefendant, D. 28, without prejudice. The Court otherwise stays both cases pending the outcome of the ongoing proceeding in Housing Court. The parties shall file a joint status report by March 16, 2020 or within two weeks of any judgment in the Housing Court proceeding, whichever occurs first, updating the Court on the status of that matter.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] For similar reasons, the Court DENIES the motion for sanctions, Multidefendant, D. 43, without prejudice to renew after the stay.